UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELISSA ARONSON, *et al.*

           Plaintiffs,

v.

BUY4LESS ESALES LTD., *et al.*,

           Defendants.

Civil Action No. 12-415(DMC)

REPORT AND RECOMMENDATION

**FALK, U.S.M.J.**

This matter comes before the Court by way of Defendants' application to dismiss Plaintiffs' Complaint for failure to prosecute. [CM/ECF No. 15.] No response has been received. This recommendation is provided on the papers submitted. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that the case be **dismissed with prejudice**.

BACKGROUND

This is an action for trademark infringement. On January 23, 2012, Plaintiffs Melissa Owens Aronson and Emme Associates, Inc. ("Plaintiffs") filed suit against Defendants Buy4less Esales Ltd. and Monif Clarke ("Defendants")[1] asserting violations

---

[1] Plaintiffs also named John Does 1-10 as defendants.

of, among other things, the Lanham Act, 15 U.S.C. §§ 1114 and 1125, arising out of Defendants' manufacture and sale of fashion apparel and related entertainment services. (Compl. ¶¶ 2-3.)

The Court conducted an initial conference in this case on June 13, 2012. Less than 2 months later, the Court conducted a settlement conference with the parties on August 2, 2012. Thereafter, on January 28, 2013, the Court entered an Order directing the parties to participate in a telephonic case management conference on January 31, 2013. [CM/ECF No. 13.] According to the Order, Plaintiffs were to arrange the call. (Id.)  Plaintiffs' counsel failed to appear for the conference, and also failed to contact the Court or provide any explanation for his non-compliance. Defendants' counsel called the Court to comply with the Order.

On February 1, 2013, the Court entered an Order directing Plaintiffs' counsel to submit a certification explaining his failure to appear at the conference. [CM/ECF No. 14.] The Order directed that the certification be filed by February 8, 2013, and further warned that if Plaintiffs failed to file a timely certification, the Court would recommend to the District Judge dismissal of the case for failure to prosecute and failure to comply with Court Orders pursuant to Fed. R. Civ. P. 16(f), 37 and L. Civ. R. 41.1. [CM/ECF No. 14.] Plaintiffs' counsel did not submit a certification in compliance with the February 1, 2013 Order. No further communications have been received from Plaintiffs' counsel.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for

failure to respond to court orders and for failure to prosecute a case. See Fed. R. Civ. P. 37(b)(2), 41(b).   In both instances, dismissal may be an appropriate penalty. Id.  The Court uses its sound discretion in deciding what sanctions to impose. See Bowers v. Nat'l Coll. Athletic Assoc., 475 F.3d 524, 538 (3d Cir. 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976) (per curiam)).

In Poulis v. State Farm & Casualty Co., the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. Although this Court is generally required to engage in a full analysis of the Poulis factors, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, Poulis balancing is unnecessary. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (party abandons her case); Seberell ex rel. Seberell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) (party's conduct makes adjudication impossible). Nevertheless, in an abundance of caution, this Court will apply the Poulis test to this case.

The Poulis factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850

3

F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under Poulis, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). See Iseley v. Bitner, 216 Fed. Appx. 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

    1. **Plaintiffs' Personal Responsibility**.  It is not clear to the Court to what extent Plaintiffs are personally responsible for the non-compliance at issue here.  What is beyond doubt, however, is that neither Plaintiffs nor their counsel has had any contact with the Court since August 2012. [CM/ECF No. 15.]   Likewise, for the last eight months, Plaintiffs' counsel has been inexplicably unreachable by Defendants's counsel and has not returned counsel's telephone calls. (Id.)  Plaintiffs have failed to prosecute this case.  Although the precise reason for their abandonment of this matter is not known, the Court is satisfied that Plaintiffs are, at least in part, responsible for this failure to prosecute.

    2. **Prejudice to Defendants.**  Plaintiffs' conduct has prejudiced the Defendants. The case has been pending for 15 months.  Given that Plaintiffs have been unresponsive to Defendants' attempts at communication since August 2012, the Court is uncertain what, if any, discovery has been exchanged by the parties.  Plaintiffs' unexplained failure to participate at the conference, their disregard of the Court's February 1, 2013 Order directing an explanation for the non-appearance be provided to the Court, and their failure to oppose this application for dismissal, suggests that Plaintiffs have abandoned the matter altogether.  Plaintiffs' conduct has hindered Defendants' ability to litigate this case and arrive at an efficient resolution of the matter.  Permitting Plaintiffs to proceed now,

even if there were to be a renewed interest in this case, would be manifestly unjust to Defendants.

      **3. History of Dilatoriness**.  As already noted, Plaintiffs have been repeatedly noncompliant.  Following their non-appearance at the conference, Plaintiffs were warned that another failure to abide this Court's orders would result in a recommendation to the District Judge of dismissal of the action. [CM/ECF No. 14.]  Plaintiffs ignored the warning.  Plaintiffs' refusal to actively litigate this case and their disregard of Court orders constitute dilatory behavior under Poulis.

      **4. Willfulness or Bad Faith.**  The Court cannot conclude that Plaintiffs proceeded in bad faith.  However, Plaintiffs' conduct has been wilful.  Plaintiffs' disregard of Defendants' attempts at communication, their failure to appear for a conference in violation of Court Order, their failure to explain their non-compliance, particularly in light of looming sanctions, and their decision not to oppose this motion must be construed as wilful.  Plaintiffs have had opportunities to pursue and protect their claims but have chosen not to do so.  These circumstances suggest that Plaintiffs have no interest in prosecuting the case and further support dismissal of the action.

      **5. Effectiveness of Alternative Sanction**.  Plaintiffs' history of non-responsiveness suggests that alternative sanctions would be futile.  Despite numerous opportunities, Plaintiffs have failed to participate in and prosecute this case.  The Court is satisfied that no lesser sanction would be effective.

      **6. Meritoriousness of the Claims**.  The Court is unable to determine the meritoriousness of Plaintiffs' claims.

In sum, Plaintiffs' flagrant disregard of multiple Court orders, as well as their failure to show any interest in the outcome of the case as evidenced by their failure to oppose this application for dismissal, exhibits Plaintiffs' intention to abandon this case. Plaintiffs' conduct has made adjudication of this case on the merits impossible. See Mindek, 964 F.2d at 1373 ("[J]udges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice."). Consideration of the Poulis factors strongly weighs in favor of dismissal of the case with prejudice.

## **CONCLUSION**

For the above stated reasons, it is respectfully recommended that Plaintiffs' Complaint be **dismissed with prejudice**.


      s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: April 24, 2013**